IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHEILA ALVAREZ, | **8:21CV38** |
| Plaintiff, | |
| | **AMENDED** |
| vs. | **MEMORANDUM** |
| | **AND ORDER** |
| HEALTH AND HUMAN SERVICES, DENNIS OBRIAN, BRENDA BROOKS, and HOPE HOMLES, | |
| Defendants. | |

Plaintiff filed her pro se Complaint (Filing 1) on February 1, 2021, and has been granted leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sues the Nebraska Department of Health and Human Services {"NDHHS") and three of its employees, in their official capacities only, under 42 U.S.C. § 1983. Plaintiff alleges her children were removed from her custody after she notified NDHHS of threats being made against herself and the children, and she complains about having to wear a patch after passing a urinalysis test. (Filing 1, p. 11.) Plaintiff also alleges she somehow suffered a broken finger, broken rib, and black eyes. (Filing 1, p. 5) No specific relief is requested.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim

upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

Liberally construing Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

NDHHS is a state agency. *See* Neb. Rev. Stat. § 81-601. The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Claims for a declaration of past constitutional violations against the state, its agencies, and state employees in their official capacities are likewise barred by Eleventh Amendment immunity. *See Puerto Rico Aqueduct & Sewer Auth. v.*

2

*Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (Eleventh Amendment does not permit judgments against state officers declaring that they violated federal law in the past). In addition, a state or state agency is not a "person" as that term is used in § 1983, and is not suable under the statute. *See Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991).

A state's Eleventh Amendment immunity does not bar a suit against state officials when the plaintiff seeks only prospective relief for ongoing violations of federal rights. *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635 (2002); *Ex Parte Young*, 209 U.S. 123 (1908). State officials sued in their official capacities for injunctive relief are "persons" under section 1983, because official capacity actions for prospective relief are not treated as actions against the state. *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). However, there is no indication in Plaintiff's Complaint that she is seeking any prospective injunctive relief (*e.g.*, an order requiring that Plaintiff's children be returned to her custody). Rather, it appears she is only seeking to redress a past violation of her rights.

In summary, Defendants are immune from suit for damages. It is conceivable that Plaintiff could sue NDHHS employees in their official capacities for prospective injunctive relief, but the facts alleged in the Complaint do not support such a claim for relief. If Plaintiff wishes to pursue a claim for prospective injunctive relief, she will need to file an amended complaint and describe her situation in more detail.

It is also possible for Plaintiff to sue individual Defendants for damages in their personal capacities. To do so, however, Plaintiff must clearly state her intent in an amended complaint[1] and must allege facts showing what action was taken by each individual Defendant to violate her constitutional rights.

The removal of children from their parents' custody violates a constitutional right if the removal occurs without reasonable suspicion of child abuse. *Stanley v. Finnegan*, 899 F.3d 623, 627 (8th Cir. 2018) "Parents have a liberty interest in the

---

[1] If plaintiff again uses the court's standard form complaint, it is sufficient to check the "individual capacity" box under the name of each Defendant.

care, custody, and management of their children," but this interest is "limited by the state's compelling interest in protecting a child ...." *Id.* (quoting *Swipies v. Kofka*, 348 F.3d 701, 703 (8th Cir. 2003).

## IV. PENDING MOTIONS

Plaintiff has requested appointment of counsel. (Filing 3.) There is no constitutional or statutory right to appointed counsel in civil cases. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *Edgington v. Missouri Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir.1995), *abrogated on other grounds, Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir.2005). The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel. *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996). The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments. *Phillips*, 437 F.3d at 791; *Edgington*, 52 F.3d at 780. Having considered these factors, the court concludes that appointment of counsel is not warranted at this time.

Plaintiff has also requested that summons be issued. (Filing 4.) This request will be denied because no further proceedings will take place in this case until Plaintiff files an amended complaint in accordance with this Memorandum and Order. If Plaintiff files an amended complaint, the court will review it to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). This matter may not proceed to service of process unless so ordered by the court after conducting this review.

## V. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2). However, the court on its own motion will give Plaintiff 30 days to file an amended complaint that states a plausible claim for relief. Otherwise, this action will be dismissed.

IT IS THEREFORE ORDERED:

1. The court's Memorandum and Order filed on March 24, 2021 (Filing 8), is vacated.

2. Plaintiff's requests for appointment of counsel (Filing 3) and for issuance of summons (Filing 4) are denied without prejudice to reassertion.

3. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

4. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

5. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event she files an amended complaint.

6. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **April 26, 2021**—amended complaint due.

7. Plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 25th day of March, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge